**ORIENTAL FINANCIAL GROUP, INC., Plaintiff(s)**

v.

**FEDERAL INSURANCE COMPANY, INC., Defendant(s).**

**Civil No. 00–2035 (JAG).**

United States District Court, D. Puerto Rico.

Dec. 7, 2006.

José R. González–Irizarry, Leslie Yvette Flores–Rodríguez, Raúl M. Arias–Marxuach, McConnell Valdés, Ruben T. Nigaglioni, Ruben T. Nigaglioni Law Offices, San Juan, PR, for Plaintiffs.

Fernando J. Fornaris–Fernández, James W. McCartney, Cancio, Nadal, Rivera & Díaz, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Before the Court is defendant Federal Insurance Company Inc.'s ("FIC") motion to set aside adverse rulings pursuant to 28 U.S.C. § 455. (Docket No. 269). FIC argues that Judge Dominguez violated 28 U.S.C. § 455 because his recusal was mandatory under either § 455(a) or § 455(b)(5) as of January 2004, and that consequently, all his rulings since that date should be vacated inasmuch as they are adverse to FIC. Plaintiff Oriental Financial Group, Inc. ("Oriental") filed an opposition to FIC's motion in which it argues that 28 U.S.C. § 455 was not violated, even if recusal was appropriate under § 455(a). In the alternative, Oriental contends that assuming there was a statutory violation, the remedy sought by FIC has no basis. The Court finds that there was no violation of 28 U.S.C. § 455 and that FIC's arguments are without merit. Accordingly, FIC's mo-

tion to set aside adverse rulings pursuant to 28 U.S.C. § 455 is **DENIED.**

## PROCEDURAL BACKGROUND

This case was initially assigned to Judge Daniel R. Dominguez when the Complaint was filed on August 11, 2000. (Docket No. 1). After several years, the case went to trial and the jury returned a verdict on October 3, 2005, finding for Oriental on two of its four claims and for FIC on one of the claims.[1] Regarding the remaining claim, the jury was unable to reach a verdict and a partial trial date to resolve it was to be scheduled.[2] On November 1, 2006, Judge Dominguez entered an Order of Recusal stating that he disqualified himself from the case "in order to avoid any vestige of partiality." (Docket No. 262). The case was then reassigned to Judge Gustavo A. Gelpi, who also recused himself. Upon return of the case to Judge Dominguez, he entered an Order Relating to the Return of the Case on September 29, 2006 (Docket No. 267) in which he explained his reason for having recused himself earlier: he had found out in November 2005 that his new son-in-law's father, Mr. Arrivi, was a director of Oriental. He stated: "The parties are reminded that the critical statute is 28 U.S.C. § 455(b)(5), relating to a judge being disqualified because of family relationship with a person within the third degree relationship."

Hence, Judge Dominguez's disqualification was predicated upon 28 U.S.C. § 455(b)(5). Thereafter, the case was reassigned to the undersigned Judge.

## DISCUSSION

The applicable statute in this case, 28 U.S.C. § 455, which governs the disqualification of judges, states in pertinent part:

**(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.**

(b) He shall also disqualify himself in the following circumstances:

. . . . .

**(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:**

**(i) Is a party to the proceeding, or an officer, director, or trustee of a party;**

. . . . .

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

. . . . .

(c) A judge should inform himself about his personal and fiduciary financial in-

---

1. Oriental's claims are for payment of losses resulting from fraudulent and dishonest acts of several of its employees, which it claims were covered by certain fidelity bonds underwritten by FIC, and for damages resulting from breach of contract, bad faith ("dolo"), and breach of the covenant of good faith and fair dealing. The jury found for Oriental on Claim 1–A, which was for a loss of $353,219 relating to an accounting imbalance between the Accounts Receivable/Returned Checks subsidiary ledger and the Accounts Receivable/Returned Checks general ledger subsidiary account, and granted expenses of $100,000 relating to the filing of said claim.

The jury also found for Oriental on its claim of dolo founded on FIC's wrongful refusal to provide coverage and granted consequential damages totaling $7,078,640.60. The jury found for FIC on Claim 1–B, which was for a loss of $5,605,396.24 pertaining to an accounting imbalance in the general ledger mortgage loans accounts.

2. The jury could not reach an agreement regarding Claim 3–A, which was for a loss of $3,442,450 resulting from the deliberate manipulations of its Federal Home Loan Bank cash account and two Citibank cash accounts.

terests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

.    .    .    .    .

(2) the degree of relationship is calculated according to the civil law system;

.    .    .    .    .

(emphasis provided)

This provision has the purpose of promoting confidence in the integrity of the judicial process. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859–60, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (citations omitted). It seeks to balance two competing policy considerations: first, that courts must not only be, but seem to be, free of bias or prejudice; and second, the fear that recusal on demand would provide litigants with a veto against unwanted judges. *In re Boston Children's First*, 244 F.3d 164, 167 (1st Cir.2001) (citations omitted).

■ Believing that his relationship with Mr. Arrivi fell under the prohibitions of 28 U.S.C. § 455(b)(5), Judge Dominguez decided to recuse himself from this case. However, from the plain language of the statute ("He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person"), it is clear that the relationship between Judge Dominguez and Mr. Arrivi does not fall within the degree of relationship that would require recusal under said section. § 455(b)(5) only includes blood relatives of the judge and his/her spouse, and the spouses of those relatives; the specific inclusion of spouses of relatives being necessary to extend the prohibition beyond the bloodline. This reading of § 455(b)(5) is confirmed by the Checklists for Financial and Other Conflicts of Interest, appendix to the Code of Conduct for United States Judges, which lists the following blood relatives as falling within the third degree relationship: parent, child, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew.[3] As Oriental correctly states, the third degree of relationship exclusively comprises these blood relatives. Mr. Arrivi is not a blood relative within the third degree of relationship of Judge Dominguez (or of his wife), nor is he the spouse of such a person. Clearly, the prohibition of § 455(b)(5) does not stretch out so far as to encompass a judge's son-in-law's father.

■ Being that Judge Dominguez disqualified himself because he believed that § 455(b)(5) mandated his recusal and that, as discussed above, this was not required of him, this Court must now determine whether under § 455(a) his recusal was appropriate. In their motions, both parties concentrate their arguments on whether the undisputed fact that Judge Dominguez did not know his son-in-law's father was a director of Oriental until November 2005—even though his daughter's wedding was in January 2004—supports or bars a finding that a violation of § 455 occurred. FIC argues that Judge Dominguez's recusal was mandatory under § 455(a) and notwithstanding his lack of knowledge about his son-in-law's relationship with a director of Oriental, the fact that he did not disqualify himself until November 2005 is a violation of § 455(a) that must be redressed by vacating all rulings adverse to FIC since January 2004. Oriental contends that even if Judge Dominguez appropriately recused himself under § 455(a) after finding out about his relationship

---

3. *See* Attachment.

with Mr. Arrivi, said provision was not violated because his impartiality during the period that he did not know about it might not reasonably be questioned. Hence, according to Oriental, there is no need to disturb Judge Dominguez's rulings or the jury verdicts returned.

We need not analyze whether the recusal has any bearing on prior rulings or the jury verdicts, however, because we find no violation of § 455(a). Only if recusal was obligatory, would a further inquiry be required to determine if there was indeed a violation of § 455(a) in spite of Judge Dominguez not knowing about the circumstance that warranted his disqualification. If and only if a violation had taken place, would it be necessary to address at length the issue of appropriate relief, which may include vacating final judgment. *See Liljeberg*, 486 U.S. at 864, 108 S.Ct. 2194.

■ "Judges are not to recuse themselves lightly under § 455(a)." *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir.2000). Disqualification of a judge is appropriate only when the charge of partiality is supported by a factual basis, and when the facts asserted provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality. *In re Boston's Children First*, 244 F.3d at 167 (citations omitted). The proper test to be used under 28 U.S.C § 455(a) is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion, but rather in the mind of a reasonable person. *In United States v. Cowden*, 545 F.2d 257, 265 (1st Cir.1976) (citations omitted).

The parties point to *Liljeberg* and *El Fenix de Puerto Rico v. M/V "Johanny"*, 954 F.Supp. 23 (D.P.R.1996), both cases where it was determined that the circumstances required the judges to disqualify themselves under § 455(a) because their impartiality could reasonably be questioned and where because they failed to do so, a violation of said section ensued. In *Liljeberg*, a violation of § 455(a) was found where the judge himself was a trustee of a university that had an active interest in the litigation before him and because he forgot about such interest, he failed to disqualify himself. In *El Fenix*, a violation of § 455(a) was found where a judge failed to recuse himself after having invited a friend to observe trial and obtaining his opinion regarding the credibility of witnesses. In that case, the court noted that the test for impartiality under § 455(a) is twofold: first, a factual basis for the partiality must exist and second, the facts must "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Id.* at 26 (citations omitted). Even though the judge involved in *El Fenix* denied having sought or relied upon his friend's opinion, an appearance of impartiality could not be dispelled since the public could reasonably question whether the judge did in fact rely on it. *Id.* at 27.

The question in *Liljeberg* was whether the fact that the judge had an interest in the university which in turn had an interest in the ongoing litigation would lead a reasonable person to question his impartiality. In *El Fenix*, the question was whether the fact that the judge received a friend's opinion regarding the evidence presented at the trial would lead a reasonable person to question the judge's impartiality. Here, the factual basis for partiality is that Mr. Arrivi, a director of Oriental, became related to Judge Dominguez through the marriage of his son to Judge Dominguez's daughter while the litigation

was still pending. The question is therefore whether Judge Dominguez's relationship with Mr. Arrivi is sufficiently close, even if it does not fall into the prohibitions of § 455(b)(5), so as to lead a reasonable person to question his impartiality under § 455(a).

The Court finds that this question must be answered in the negative. The factual basis for partiality in this case does not entail a finding that a reasonable person would question Judge Dominguez's impartiality. First of all, the facts are markedly different from, and qualitatively inapposite to, those of the above-mentioned cases, where a violation of § 455(a) was found. In contrast with *Liljeberg*, Judge Dominguez himself is not a director of Oriental, nor is his daughter or son-in-law. His only relationship with Oriental is through his new son-in-law's father, who, as Judge Dominguez explains in his Order Relating to the Return of the Case, prior to his daughter's marriage, had no relationship whatsoever with him and after their engagement, only sporadically met with him at special family gatherings. In contrast with El *Fenix*, there is no friendship between Mr. Arrivi and Judge Dominguez and there has never been a communication between them regarding this case.[4] So not only was their relationship nonexistent at the beginning of the case, but once established by an event extraneous to them, it has clearly been distant. Judge Dominguez's connection to Oriental is therefore a myth.

Moreover, the fact that Judge Dominguez thought that § 455(b)(5) was applicable does not mean that under § 455(a) his impartiality could reasonably be questioned. As stated in *Cowden*, the test is not whether the lack of impartiality is grounded on facts that would create reasonable doubt in the mind of the judge. The lack of impartiality must be grounded on facts that a reasonable person of the general public would consider sufficient for such a finding. § 455(a) should not be construed as a catch-all back-up provision to justify a recusal that was not mandatory to begin with. Accordingly, Judge Dominguez' s recusal should be viewed as an overly cautious disqualification and in no way a mandatory one. There was therefore no violation of § 455(a) in this case.

■ Although this Court believes that Judge Dominguez did not have to recuse himself at all under either § 455(a) or § 455(b)(5), if it were to be presumed that he appropriately did so under § 455(a), because his tenuous relationship with Mr. Arrivi did create an appearance of partiality in the mind of a reasonable person, still, there was no violation of § 455(a). A violation of § 455(a) occurs when a judge fails to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In determining whether a judge's impartiality "might reasonably be questioned" when there is a possible disqualifying circumstance unknown to the judge, like in this case, the following considerations are appropriate: the state of his knowledge immediately before the lawsuit was filed, what happened while the case was pending before him, and what he did when he learned of the disqualifying circumstance. *Liljeberg*, 486 U.S. at 856, 108 S.Ct. 2194.

■ The purpose of 28 U.S.C. § 455 "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or

4. Mr. Arrivi submitted a Sworn Statement in which he states that he has never talked about the case with Judge Dominguez nor tried to

influence his decision making in any way. (*See* Docket No. 272–2).

she knew." *Liljeberg* 486 U.S. at 860, 108 S.Ct. 2194. Therefore, § 455(a) is violated, even when a judge is unaware of the circumstance that would warrant his recusal, if a reasonable person would expect that he knew about the circumstances creating an appearance of partiality. Moreover, "[t]his reading of § 455(a) does not require judges to perform the impossible-to disqualify themselves based on facts they do not know." *Id.* at 861, 108 S.Ct. 2194. But, in proper cases, the provision can be applied retroactively "to rectify an oversight and to take the steps necessary to maintain public confidence in the impartiality of the judiciary." *Id.*

The Court in *Liljeberg* analyzed four facts that might reasonably cause an objective observer to question the judge's impartiality even when he forgot about the disqualifying circumstance. First, it would seem remarkable that the judge forgot about the university's interest in the litigation when such interest was discussed in board meetings attended by him. Second, it would also seem remarkable that although the judge regularly attended board meetings, he was absent at the meeting held one week after the trial ended and while the case was still under advisement. Third, it would seem inexcusable that the judge did not recuse himself when he gained actual knowledge of the university's interest in the litigation—an action which constitutes a separate violation of § 455, specifically, § 455(b)(4). Fourth, the judge's failure to acknowledge that he knew about the university's interest when a motion to vacate was filed and his failure to demonstrate an awareness of a duty to recuse himself both created an appearance of partiality. *Liljeberg* 486 U.S. at 865–67, 108 S.Ct. 2194.

In the instant case, Judge Dominguez did not know of the potentially disqualifying circumstance when the lawsuit was filed in 2000 because it did not even exist. The relationship between Judge Dominguez and Mr. Arrivi was established by the marriage of their daughter and son, respectively, in January 2004. While the case was still pending before him, in November 2005, Judge Dominguez came to know that Mr. Arrivi was a director of Oriental. Immediately after said information was communicated to him, Judge Dominguez informed Mr. Arrivi that he would disqualify himself from the case. Accordingly, from that point on, he did not rule on any substantive matters and only held a settlement conference that was ultimately unsuccessful. Furthermore, he issued an Order of Recusal and subsequently an Order Relating to the Return of the Case.

Judge Dominguez' s actions differ greatly from the actions taken by the judges in cases where a violation of § 455(a) has been found. In this case, it is clear from the record that Judge Dominguez did not know that Mr. Arrivi was a director of Oriental until November 2005 even if their relationship was established in January 2004. It is also evident that he recused himself shortly after having discovered that he had a relationship with Mr. Arrivi. Additionally, there is no indication that Judge Dominguez should have known about Mr. Arrivi's ties to Oriental. Being a director of a corporation is not normally a position a person holds as his principal occupation. It would not be expected of Judge Dominguez to inquire about all of Mr. Arrivi's corporate memberships and activities. He might be expected to know the occupation of his son-in-law's father, but certainly not that he served as director of a certain corporation.

This Court agrees with plaintiff in that no objective observer would question Judge Dominguez's impartiality prior to coming to know about Mr. Arrivi's connec-

tion to Oriental. Consequently, even if his recusal had been appropriate under § 455(a), there was no statutory violation. As such, there is no need to address the parties' arguments regarding remedies.

## CONCLUSION

Having found that Judge Dominguez's relationship with Mr. Arrivi does not fall under the prescribed degree under 28 U.S.C. § 455(b)(5), that under 28 U.S.C. § 455(a) his impartiality might not reasonably be questioned, and that therefore his recusal was not mandatory under either subsection, this Court finds that there was no violation of 28 U.S.C. § 455 in this case. Accordingly, this Court hereby **DENIES** FIC's motion to set aside adverse rulings.

IT IS SO ORDERED.